J-S70028-15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | : | |
| v. | : | |
| KEITH BEAVER, | : | |
| Appellant | : | No. 1163 EDA 2015 |

Appeal from the Judgment of Sentence March 18, 2015,
Court of Common Pleas, Delaware County,
Criminal Division at No. CP-23-CR-0003379-2010

BEFORE:  DONOHUE, LAZARUS and PLATT*, JJ.

MEMORANDUM BY DONOHUE, J.:          **FILED DECEMBER 08, 2015**

Keith Beaver ("Beaver") appeals from the judgment of sentence entered following the revocation of his probation and parole.  His court-appointed counsel ("Counsel") has filed a petition seeking permission to withdraw and a brief in support thereof pursuant to ***Anders v. California***, 386 U.S. (1967) and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009).  For the following reasons, we deny Counsel's petition and remand for further action in conformance with our decision.

Counsel seeking to withdraw pursuant to ***Anders*** must fulfill certain requirements.  These requirements and the significant protection they provide to an ***Anders*** appellant arise because a criminal defendant has a constitutional right to a direct appeal and to counsel on that appeal.

---

*Retired Senior Judge assigned to the Superior Court.

***Commonwealth v. Woods***, 939 A.2d 896, 898 (Pa. Super. 2007). We

have summarized these requirements as follows:

> Direct appeal counsel seeking to withdraw under ***Anders*** must file a petition averring that, after a conscientious examination of the record, counsel finds the appeal to be wholly frivolous. Counsel must also file an ***Anders*** brief setting forth issues that might arguably support the appeal along with any other issues necessary for the effective appellate presentation thereof.
>
> ***Anders*** counsel must also provide a copy of the ***Anders*** petition and brief to the appellant, advising the appellant of the right to retain new counsel, proceed pro se or raise any additional points worthy of this Court's attention.

***Id.*** (citations omitted).

Moreover, there are requirements as to precisely what an ***Anders***

brief must contain:

> [T]he Anders brief that accompanies court-appointed counsel's petition to withdraw … must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

***Santiago***, 978 A.2d at 361. If appointed counsel has met these obligations,

it is this Court's responsibility "to make a full examination of the proceedings

and make an independent judgment to decide whether the appeal is in fact

wholly frivolous." ***Commonwealth v. Hankerson***, 118 A.3d 415, 420 (Pa. Super. 2015). "In so doing, we review not only the issues identified by appointed counsel in the ***Anders*** brief, but examine all of the proceedings to make certain that appointed counsel has not overlooked the existence of potentially non-frivolous issues." ***Id.*** (citation omitted).

We conclude that Counsel has adequately complied with these requirements. He has filed an application with this Court stating that after reviewing the record, he finds this appeal to be frivolous and without merit. In conformance with ***Santiago***, the brief filed by Counsel includes a summary of the procedural history and sets forth one issue that could arguably support an appeal. Counsel explains why it would be frivolous to raise this issue on appeal and states his conclusions to that effect. Finally, Counsel has appended to his application the letter that he sent to Beaver, which enclosed his application to withdraw and ***Anders*** brief, and advised Beaver that he may proceed pro se or with private counsel.[1] Accordingly, we undertake our independent review to determine whether this appeal is wholly frivolous.

We summarize the relevant factual and procedural histories as follows. In 2011, Beaver pled *nolo contendere* to statutory sexual assault, indecent assault and endangering the welfare of a child. He was sentenced to a total of seventeen years of sex offender probation. In 2014, Beaver was found to

---

[1] Notably, Beaver has filed a pro se advocate's brief.

have violated his probation, and the trial court resentenced him to time-served to twenty-three months on the endangering the welfare of children conviction, but allowed "immediate parole upon an approved parole plan." Certificate of Imposition of Judgment of Sentence, 2/20/14. The trial court also imposed a sentence of ten years of probation on the statutory sexual assault conviction. ***Id.***

In March 2015, the trial court found that Beaver violated the terms of his probation and parole by visiting websites forbidden by the terms of his probation and by being discharged from a mandatory sex offender treatment program for failure to abide by its rules. N.T., 3/18/15, at 4-5, 42. The trial court revoked Beaver's parole and probation and resentenced him to the "full back time of 572 days" on the endangering the welfare of a child conviction, in addition to a concurrent term of eighteen to thirty-six months of incarceration on the statutory sexual assault conviction. Certificate of Judgment of Sentence, 3/18/15. Beaver filed a timely post-sentence motion, but he filed a notice of appeal before the trial court disposed of it. In response to the trial court's directive to file a statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b), Counsel filed a statement indicating his intention to file an ***Anders*** brief, as permitted by Pa.R.A.P. 1925(c)(4).

The sole issue that Counsel presents is "[w]hether the aggregate sentence imposed … was harsh and excessive under the circumstances[.]"

*Anders* Brief at 1. This claim is addressed to the discretionary aspects of Beaver's sentence. There is no absolute right to appeal when challenging the discretionary aspect of a sentence. *Commonwealth v. Cartrette*, 83 A.3d 1030, 1042 (Pa. Super. 2013) (en banc). Before we may review the merits of a challenge to the discretionary aspects of a sentence, we must determine: (1) whether appellant has filed a timely notice of appeal; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence; (3) whether appellant's brief has a fatal defect; and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b). *Commonwealth v. Evans*, 901 A.2d 528, 533 (Pa. Super. 2006), *appeal denied*, 909 A.2d 303 (Pa. 2006). The record reveals that the notice of appeal was timely filed. Although the docket indicates that Beaver filed a post-sentence motion on March 26, 2015, it was not included in the certified record on appeal and so we cannot discern whether this issue was properly raised. However, for purposes of this appeal, we will assume that it was properly raised therein. Further, there is a briefing defect, as Counsel has not included a statement as required by Pa.R.A.P. 2119(f) in the *Anders* brief. The Commonwealth has not objected to that omission, and so this defect does not preclude our review. *See Commonwealth v. Antidormi*, 84 A.3d 736, 759 (Pa. Super. 2014).

The fourth factor of the *Evans* test as set forth above requires that we consider whether the issue presented by Counsel raises a substantial question requiring us to review the discretionary aspects of the sentence. "The determination of what constitutes a substantial question must be evaluated on a case-by-case basis." *Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa. Super. 2010). A substantial question exists only when an appellant advances a colorable argument that the sentence is either inconsistent with a specific provision of the Sentencing Code or contrary to the fundamental norms which underlie the sentencing process. *Id.* Counsel claims that Beaver's sentence is excessively long and therefore inappropriate. *Anders* Brief at 4. However, a bald claim of excessiveness does not raise a substantial question so as to invoke our review. *See Commonwealth v. Reynolds*, 835 A.2d 720, 733 (Pa. Super. 2003). Accordingly, we agree with Counsel that there is no merit to this claim.[2]

Nonetheless, our independent review of the record reveals a potentially non-frivolous issue. When imposing Beaver's sentence, the trial court did not have the benefit of a pre-sentence investigative report and it stated only that although Beaver was in compliance with "some aspects of

---

[2] In his discussion on this issue, Counsel includes one sentence that seems to allege a separate claim: that the trial court erred by not considering certain mitigating factors. *Anders* Brief at 4. A claim that the trial court failed to consider mitigating factors, by itself, does not present a substantial question so as to invoke our review. *Commonwealth v. Swope*, __ A.3d __, 2015 WL 5439772 at *4 (Sept. 16, 2015). Accordingly, to the extent that Counsel was attempting to raise such a claim, he fails.

the treatment … it's also clear that there have been violations[.]" N.T., 3/18/15, at 42. It then imposed the sentence recommended by the Department of Adult Probation and Parole (although it did not state the terms of this recommended sentence), instructed Counsel to advise Beaver of his post-sentence and appellate rights, and concluded the proceedings. *Id.* Our law provides that

> in all cases where the court resentences an offender following revocation of probation ... the court shall make as a part of the record, and disclose in open court at the time of sentencing, a statement of the reason or reasons for the sentence imposed and failure to comply with these provisions shall be grounds for vacating the sentence or resentence and resentencing the defendant.

***Commonwealth v. Colon***, 102 A.3d 1033, 1044 (Pa. Super. 2014), *appeal denied*, 109 A.3d 678 (Pa. 2015) (quoting ***Commonwealth v. Cartrette***, 83 A.3d 1030, 1040–1041 (Pa. Super. 2013)); ***see also*** 42 Pa.C.S.A. § 9721(b) ("In every case in which the court … resentences an offender following revocation of probation … the court shall make as a part of the record, and disclose in open court at the time of sentencing, a statement of the reason or reasons for the sentence imposed."). "A trial court need not undertake a lengthy discourse for its reasons for imposing a sentence or specifically reference the statute in question, but the record as a whole must reflect the sentencing court's consideration of the facts of the crime and

- 7 -

character of the offender." ***Colon***, 102 A.3d at 1044 (quoting ***Commonwealth v. Crump***, 995 A.2d 1280, 1282-83 (Pa. Super. 2010)).

Based upon the record before us, there appears to be a non-frivolous issue as to whether the trial court complied with its obligation to state the reasons for the sentence it imposed on Beaver. Such determinations are not subject to a bright-line rule, but are highly dependent on the facts and circumstances of each sentencing proceeding. ***See Antidormi***, 84 A.3d at 761 (recognizing that the trial court's obligation is met where "the record as a whole … reflect[s] due consideration … of the statutory considerations[.]"). As an indigent defendant on direct appeal, Beaver is entitled to the benefit of counsel to assess whether this claim is viable. ***Woods***, 939 A.2d at 898. Accordingly, we deny Counsel's petition to withdraw and remand for the filing of either an advocate's brief or another ***Anders*** brief.[3]

Petition to withdraw denied. Case remanded. Panel jurisdiction retained.

Platt, J. joins the Memorandum.

Lazarus, J. concurs in the result.

---

[3] On November 19, 2015, Beaver filed a motion with this Court attempting to raise additional claims of trial court error, including the issue we have identified. In light of our disposition, we deny Beaver's motion as moot. However, we instruct that on remand Counsel should consider whether to raise the other issues Beaver identified in this motion as well as the claim he raised in the pro se brief he filed in support of this appeal.

J-S70028-15

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/8/2015